UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

GEORGE KARP,

Plaintiff,

v.

ALONZO, *et al.*,

Defendants.

Case No. 3:25-cv-00490-MMD-CLB

ORDER

*Pro se* Plaintiff George Karp, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has filed a civil rights complaint under 42 U.S.C. § 1983 (ECF No. 3 ("Complaint")), an application to proceed *in forma pauperis* ("IFP") (ECF No. 1), and two motions for appointment of counsel (ECF Nos. 1-3, 3-2). The Court grants the IFP, screens Plaintiff's Complaint[1] under 28 U.S.C. § 1915A, and denies the motions as moot.

## I.   SCREENING STANDARD

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir.

---

[1]Plaintiff submitted two complaints in this action which appear to be similar. However, because Plaintiff filed two documents, the Court considers the latter-filed complaint the operative one. *See Rhodes v. Robinson*, 621 F.3d 1002, 1005 (9th Cir. 2010) (stating that "[a]s a general rule, when a plaintiff files an amended complaint, '[t]he amended complaint super[s]edes the original, the latter being treated thereafter as non-existent.'").

1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act, a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.     SCREENING OF COMPLAINT

In his Complaint, Plaintiff sues multiple Defendants for events that took place while he was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 3 at 1.) Plaintiff sues Defendants Director of Nursing Alonzo, Dr. Arram, NDOC Director James Dzurenda, Warden Jeremy Bean, and CCS Lopez. (*Id.* at 1-2.) Plaintiff brings one claim and seeks monetary and injunctive relief.[2] (*Id.* at 3, 13.)

Plaintiff alleges the following. On January 6, 2023, while in the fish tank at HDSP, Plaintiff took a shower with his hands cuffed behind his back. (*Id.* at 3.) When Plaintiff finished, his foot got caught in an open drain causing him to roll his ankle and fall on his back and hands. (*Id.*) Officer Arnold saw his fall and noted that Plaintiff needed to go to

---

[2]Inmate Eric Garcia helped Plaintiff prepare the Complaint. (ECF No. 3 at 13.)

medical. (*Id.*). By the time he saw medical, Plaintiff had a limp, was in constant pain, and his finger was wrapped. (*Id.*) Medical prescribed Plaintiff a walking boot. (*Id.*) However, Plaintiff remains in pain with ankle and finger injuries. (*Id.* at 5.) Despite Plaintiff's hundreds of medical grievances and kites, NDOC medical has done nothing due to their "wait-and-see policy." (*Id.*) Plaintiff sues Defendants for Eighth Amendment deliberate indifference to serious medical needs, Fourteenth Amendment equal protection violations, and Americans with Disabilities Act violations. (*Id.* at 3, 9.)

The Court dismisses this action as duplicative of another lawsuit filed before the Court. On August 27, 2025, Plaintiff initiated an action in *Karp v. Alonzo*, 2:25-cv-01597-JAD-NJK, with an identical complaint and aided by the same inmate as the one who helped him in this case, Eric Garcia. *See* 2:25-cv-01597-JAD-NJK at ECF No. 1-1. A couple of weeks later, on September 9, 2025, Plaintiff initiated the instant lawsuit by filing a complaint suing the same defendants raising the same allegations and claims as the earlier lawsuit. (ECF No. 3.) The earlier filed lawsuit is scheduled for inmate early mediation on July 10, 2026. *See* 2:25-cv-01597-JAD-NJK at ECF No. 17.

Duplicative litigation by a plaintiff proceeding IFP may be dismissed as malicious under 28 U.S.C. § 1915(e). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir.1988)) (holding that repetitious litigation of virtually identical causes of action is subject to dismissal as malicious); *Pittman v. Moore*, 980 F.2d 994, 994-95 (5th Cir.1993) (holding that it is malicious for a "pauper" to file a lawsuit that duplicates allegations of another pending federal lawsuit by the same plaintiff). Because Plaintiff initiated duplicative lawsuits before the Court a couple of weeks apart, the Court dismisses this action as malicious with prejudice.

## III.    CONCLUSION

It is ordered that Plaintiff's IFP (ECF No. 1) without having to prepay the full filing fee is granted. Under 28 U.S.C. § 1915, the full filing fee will still be due even though this action is dismissed and is otherwise unsuccessful.

It is further ordered that, under 28 U.S.C. § 1915, the Nevada Department of Corrections will forward payments from the account of George Karp, #1263691 to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action. The Clerk of the Court will send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk will send a copy of this Order to the Chief of Inmate Services for the Nevada Department of Corrections at formapauperis@doc.nv.gov.

It is further ordered that the Complaint (ECF No. 3) is dismissed in its entirety with prejudice as duplicative and malicious.

It is further ordered that the motions for appointment of counsel (ECF Nos. 1-3, 3-2) are dismissed as moot.

The Clerk of the Court is directed to: (a) file the Complaint (ECF No. 3); (b) close the case; and (c) enter judgment accordingly.

It is further ordered that this Court certifies that any IFP appeal from this Order would not be taken "in good faith" under 28 U.S.C. § 1915(a)(3).

DATED THIS 22nd Day of June 2026.

_____
MIRANDA M. DU
UNITED STATES DISTRICT JUDGE